**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-16-1325 |
| DEPARTMENT OF MOTOR VEHICLE OF GLENMONT | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

The above-captioned Complaint was filed on May 3, 2016, together with a Motion to Proceed in Forma Pauperis. ECF 2. Because Plaintiff appears to be indigent, the motion shall be granted.

The Complaint characterizes the facts and arguments in his case as:

Plaintiff was notified to renew license and had done so on or about 9/8/20 IS; 1976 was year Plaintiff had first driver's license from State of Maryland ; after taking high school summer school driver's education class; accumulation of moving violation from April 18th 1999 to May I 1999; allowed suspension of driver's license lasting 10 yrs; due to points solely from moving violation ipso facto in the prior ordo cogniscendi; put in to National Driver's Registry by State of Illinois Sectary of State; which was cleared by beginning of 201O; and received driver's license in April 15th 20 I0; then it was renewed September 18th 2015; as per COMAR 11.11.03.05....

Argument of the cases are:
State of Maryland through department of motor vehicle collected 15 dollars; to allow plaintiff to drive on public road; To drive; regardless of mode of transportation; whether shoes, bus, car; to go from point A to point B via public road; is liberty in preamble of Constitution; path may vary by state's right to categorize; Without proportional probable cause; State suspended liberty of plaintiff to go from point A to point B; without providing any evidence plaintiff was incapacitated; unable to perform; or mentally unfit to operate levers and pedals; for ten years; solely from moving violation. Then under renewal fee; for 15 dollars; State collected; from plaintiff who did not own car; in 2015; giving additional length of time to drive.

*Id*., pp. 2-3.. He seeks damages in the amount of "$15.00 x 100 times in punitive damages." *Id*., p. 3. He also seeks an injunction regarding the "continuance on enforceable traffic laws" and "driving skills; and types of machinery operation qualification to be separate." *Id*., p. 4.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). As noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Row*e, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93. However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty*., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. A separate Order follows dismissing this case.

June 2, 2016                                           _____/s/_____
                                                       PETER J. MESSITTE
                                                       UNITED STATES DISTRICT JUDGE